ELECTRONICALLY FILED - 2020 Apr 23 2:30 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4200029

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | **SEVENTH JUDICIAL CIRCUIT** |
| **COUNTY OF SPARTANBURG** ) | |
| ) | C.A. Number: 2020-CP-42-00029 |
| Jyrek Thomas Williams, ) | |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| vs. ) | |
| ) | |
| City of Wellford, City of Wellford Police ) | |
| Department, Chief David Green, James ) | |
| Dewayne Gossett, Individually and as Officer ) | |
| for the City of Wellford Police Department, ) | |
| and Michelle Lacey Underwood, ) | |
| ) | |
| Defendants. ) | |

**TO ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the attorneys for the Plaintiffs at Cummings & Lewis, LLC, P.O. Box 5766, Spartanburg, SC 29304, within thirty (30) days after service hereof, exclusive of the day of such service, unless you received your copy by certified mail, in which case you must serve a copy of your answer on the subscriber within thirty-five (35) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

                                                      ***s/Alexander P. Lewis___***
                                                      Alexander P. Lewis
                                                      CUMMINGS & LEWIS, LLC
                                                      Post Office Box 5766
                                                      Spartanburg, SC 29304
April 17, 2020                               Telephone No. (864) 573-9688
Spartanburg, South Carolina             Telefax No.    (864) 573-6974

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | **SEVENTH JUDICIAL CIRCUIT** |
| **COUNTY OF SPARTANBURG** ) | |
| ) | C.A. Number: 2020-CP-42-00029 |
| Jyrek Thomas Williams, ) | |
| ) | |
| Plaintiff, ) | **FIRST AMENDED COMPLAINT** |
| ) | **(WRECK CASE-NEGLIGENCE)** |
| vs. ) | **JURY TRIAL DEMANDED** |
| ) | |
| City of Wellford, City of Wellford Police ) | |
| Department, Chief David Green, James ) | |
| Dewayne Gossett, Individually and as Officer) | |
| for the City of Wellford Police Department, ) | |
| and Michelle Lacey Underwood, ) | |
| ) | |
| Defendants. ) | |

NOW COMES THE Plaintiff, Jyrek Thomas Williams, by and through his undersigned counsel of record, complaining of the Defendants City of Wellford, City of Wellford Police Department, Chief David Green, James Dewayne Gossett, Individually and as Officer for the City of Wellford Police Department, and Michelle Lacey Underwood, and does and would respectfully show unto this Honorable Court as follow:

1.  That Plaintiff, Jyrek Thomas Williams, is a citizen and resident of the County of Spartanburg, State of South Carolina.

2.  Upon information and belief, Defendant City of Wellford (hereinafter "Defendant City") is a municipality existing under the laws of the State of South Carolina in the County of Spartanburg and is a governmental entity as defined under the South Carolina Tort Claims Act, responsible for employing and supervising city police officers to patrol and safeguard the municipality of Wellford, and is made a party to this action pursuant to South Carolina Code Ann. § 15-78-10 et seq.

3. At all times relevant to this cause of action, Defendant City acted and carried on its business by and through its agents, servants, and/or employees at its various locations, more particularly in Spartanburg County, State of South Carolina, during the time period set out in this Complaint.

4. Defendant Wellford Police Department (hereinafter "Defendant Department") is, upon information and belief, an agency and governmental entity as defined under the South Carolina Tort Claims Act, is responsible for employing and supervising officers to patrol and safeguard the City of Wellford, and is made a party to this action pursuant to South Carolina Code Ann. § 15-78-10 et seq.

5. At all times relevant to this cause of action, Defendant Department acted and carried on its business by and through its agents, servants, and/or employees at its various locations, more particularly in the City of Wellford, County of Spartanburg, State of South Carolina, during the time period set out in this Complaint.

6. Defendant Chief David Green (hereinafter "Defendant Chief") was the Chief of Defendant Department at the time of the incident giving rise to the action herein and is responsible for organizing, maintaining, supervising, staffing, and controlling the department known as the City of Wellford Police Department, in the City of Wellford, County of Spartanburg, State of South Carolina.

7. At all times relevant to this cause of action, Defendant Chief acted and carried on the City of Wellford Police Department's business by and through its agents, servants, and/or employees during the time period set out in this Complaint.

8. Upon information and belief, Defendant James Dewayne Gossett (hereinafter "Defendant Gossett") is and was at all times relevant herein a resident of Spartanburg County,

ELECTRONICALLY FILED - 2020 Apr 23 2:30 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4200029

ELECTRONICALLY FILED - 2020 Apr 23 2:30 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4200029

South Carolina and at all times relevant to this action Defendant Gossett was a duly appointed and acting police officer for the City of Wellford Police Department employed by Defendant City, Defendant Department and Defendant Chief. As such, Defendant Gossett was a duly appointed agent authorized to enforce the laws of the State of South Carolina and was so acting under the color of the law of South Carolina at all times relevant herein.

9. That upon information and belief Defendant, Michelle Lacey Underwood, is a citizen and resident of the County of Spartanburg, State of South Carolina.

10. That the automobile driven by Defendant Michelle Lacey Underwood at the time of the accident complained of herein bore South Carolina license tag number RED322 in rem, and it is upon information and belief, a motor vehicle, owned by Michelle Lacey Underwood and is located in Spartanburg, South Carolina and caused Plaintiff's personal injuries while it was being operated negligently in the County of Spartanburg, State of South Carolina.

11. That this Honorable Court has jurisdiction of the parties and the subject matter herein set forth.

12. That on or about the 6th day of July, 2019, Plaintiff was a passenger in a 2015 Chevrolet sedan, vehicle identification number 1G11C5SL6FF250535 driven by Defendant Underwood. That as the vehicle driven by Defendant Underwood was attempting to exit a private driveway onto SC Highway 316, Defendant Underwood' vehicle was struck in the rear by a vehicle owned by Defendant City and Defendant Department, as it was being operated by Defendant Gossett. Thereafter, the vehicle Plaintiff was in came to rest off the road.

13. That the area where the collision occurred was a residential area, not a main thoroughfare.

14. That the vehicle driven by Defendant Gossett was being operated at a high rate of speed in this residential community.

15. As a result of the aforesaid collision, the Plaintiff, Jyrek Thomas Williams, has suffered great physical harm all of which has and will in the future cause Plaintiff to undergo much physical pain and suffering, has and will in the future cause Plaintiff to have to spend large amounts of money for medical treatment and services, has and will in the future cause Plaintiff to suffer trauma, anxiety, annoyance, whole body impairment, inconvenience, loss of enjoyment of life, and travel-all to the Plaintiff's general damage and detriment.

**FOR A FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 Substantive and Procedural Due Process Violations as to Defendant Chief)**

16. The Plaintiff repeats all allegations of the preceding paragraphs of his complaint as if fully repeated herein verbatim.

17. At the time and place in question, Defendant Chief was charged with the implementation and enforcement of such policies and procedures as would ensure the substantive and procedural rights of the general public to prevent the loss of life, liberty or property without due process of law, as contemplated by 42 U.S.C. § 1983.

18. Notwithstanding his duties to enact and enforce such policies, Defendant Chief failed to do so, and as a proximate result, Plaintiff suffered the injuries above.

19. Specifically, Defendant Chief, in his official capacity and acting under color of state law, failed to protect Plaintiff from the violation of his substantive and procedural rights at the time and place in question, in one or more of the following particulars;

   a. In failing to institute an appropriate policy for the operation of police cruisers by his agents and employees;

   b. In failing to enforce such a policy, if such a policy was in place;

ELECTRONICALLY FILED - 2020 Apr 23 2:30 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4200029

c. In failing to ensure that his employees were sufficiently trained or otherwise educated in the operation of their assigned vehicles;

d. In failing to supervise Defendant Gossett at the time and place in question;

e. In negligently hiring and retaining Defendant Gossett where he knew or should have known that Defendant Gossett was incapable of properly performing his core job functions; and,

f. In such other ways as will become evident through discovery

20. The above-referenced acts and omissions deprived Plaintiff of liberty without due process of the law, in violation of the Fourteenth Amendment to the United States Constitution. These acts and omissions also inflicted cruel and unusual punishment upon Plaintiff in violation of the Eighth Amendment to the United States Constitution.

21. The above-referenced acts and omissions further interfered with Plaintiff's fundamental constitutional rights under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution, as applied to the State of South Carolina vis-à-vis the Fourteenth Amendment.

22. Further, the above-referenced acts and omissions constituted behavior that demonstrated conscious indifference for Plaintiff's rights.

23. The Plaintiff is therefore informed and believes he is entitled to judgement for actual and punitive damages.

## FOR A SECOND CAUSE OF ACTION
(**42 U.S.C. § 1983 Substantive and Procedural Due Process Violations as to Defendant Gossett**)

24. The Plaintiff repeats the allegations of the preceding paragraphs of his complaint as if fully repeated here verbatim.

ELECTRONICALLY FILED - 2020 Apr 23 2:30 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4200029

25. At the time and place in question, Defendant Gossett was charged with the enforcement of the statutes of the State of South Carolina and with the enforcement of all policies and procedures promulgated by his employer, Defendant City and Defendant Department, in a manner that would ensure the substantive and procedural rights of the general public to prevent the loss of life, liberty or property without due process of the law, as contemplated by 42 U.S.C. § 1983.

26. Notwithstanding his duties to enforce such statutes and polices, Defendant Gossett failed to do so, and as a proximate result, Plaintiff suffered the injuries detailed above.

27. Specifically, Defendant Gossett, in his official capacity and acting under color of state law, failed to protect Plaintiff from the violation of his substantive and procedural rights at the time and place in question, in one or more of the following particulars:

   a. In operating his police cruiser at a speed far in excess of the posted speed limit, in violation of *S.C. Code Ann.* §56-5-1520 (2012, as amended);

   b. In failing to slow the cruiser for approaching other traffic that was in his view at the time and place in question;

   c. In failing to keep a proper lookout;

   d. In failing to keep the cruiser under proper control;

   e. In failing to timely apply the brakes of his police cruiser, or to take any evasive action at all to prevent the collision with the vehicle operated by Defendant Underwood.

   f. In failing to follow the policies and procedures of Defendant Department, if any related to the safe operation of the cruiser assigned to him;

ELECTRONICALLY FILED - 2020 Apr 23 2:30 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4200029

g.  In failing to use the degree of care and caution that would otherwise be used by a reasonably prudent person acting as a law enforcement officer under the circumstances then and there presented; and,

h.  In such other ways as will become evident through discovery.

28. The above-referenced acts and omissions deprived Plaintiff of liberty without due process of law, in violation of the Fourteenth Amendment to the United States Constitution. These acts and omissions also inflicted cruel and unusual punishment upon Plaintiff in violation of the Eighth Amendment to the United States Constitution.

27. The above-referenced acts and omissions further interfered with Plaintiff's fundamental constitutional rights under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution, as applied to the State of South Carolina vis-à-vis the Fourteenth Amendment.

28. Further the above-referenced acts and omissions constituted behavior that demonstrated conscious indifference for Plaintiff's rights.

29. The Plaintiff is therefore informed and believes that he is entitled to judgement for actual and punitive damages.

## FOR A THIRD CAUSE OF ACTION
**(Negligence, Gross Negligence, Recklessness as to City, Department, Chief and Gossett)**

30. The Plaintiff repeats the allegations of the preceding paragraphs of his complaint as if fully repeated herein verbatim.

31. As already alleged, the Defendant City is a governmental entity amendable to suit pursuant to the terms and conditions of the South Carolina Tort Claims Act, *S.C. Code Ann.*, § 15-78-10, *et. seq.*, (2012, as amended).

ELECTRONICALLY FILED - 2020 Apr 23 2:30 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4200029

ELECTRONICALLY FILED - 2020 Apr 23 2:30 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4200029

32. Further, pursuant to the Act, governmental agencies and entities are vicariously liable for the acts and omissions of their agents, servants, and employees.

33. As already alleged, Defendant Chief and Defendant Gossett were, at the pertinent times, acting within the course and scope of their employment with Defendant City when the events alleged occurred.

34. Moreover, other, unnamed and at this time unknown agents, servants, and employees of Defendant City participated, on information and belief, in the promulgation of various policies and procedures related to the operation of police vehicles by Defendant City's employees, and further, in the implementation and enforcement of such policies, as well as in the education of Defendant City's employees regarding the policies themselves, and in the hiring of officers for Defendant Department.

35. In its role as the provider of the law enforcement services, Defendant City owes the general public the duty of protecting the public from wrongdoers but also the duty of compliance with the laws of the state and with general standards for the operation of a police agency, including the enactment, implementation and enforcement of policies that provide for safe, reasonable, and appropriate operation of police vehicles.

36. Notwithstanding its duties and obligations, at the time of the collision which is the subject of this action, the agents, servants, and employees of Defendant City, including but not limited to Defendant Gossett and Defendant Chief, failed to act reasonably in one or more of the following particulars:

   a. In failing to institute an appropriate policy for the operation of police vehicles;

   b. In failing to enforce such a policy, if such a policy was in place;

    c.    In failing to ensure that its employees were sufficiently trained or otherwise educated in the safe operation of vehicles issued or provided to them;

    d.    In negligently hiring and retaining Defendant Gossett;

    e.    In failing to supervise Defendant Gossett appropriately;

    f.    In failing to slow the police cruiser at the time and place in question while approaching traffic ahead of it;

    g.    In failing to keep a proper lookout;

    h.    In failing to keep the cruiser under proper control;

    i.    In failing to follow department policy, if any, related to the safe operation of the cruiser assigned to him;

    j.    In failing to take any evasive action to avoid the collision between Defendant Underwood's vehicle and the police cruiser; and,

    k.    In such other ways as will become evident through discovery.

37.    The acts and omissions of the agents, servants, and employees of Defendant City constituted negligence, and in some cases gross negligence and/or recklessness, in the management of the pursuit in question.

38.    As a proximate result of the negligence, gross negligence and/or recklessness of the agents, servants, and employees of Defendant City, Plaintiff suffered the injuries alleged above.

39.    The Plaintiff is informed and believes that he is entitled to a judgement for actual damages.

40.    Further, the Plaintiff is informed and believes that the acts and omissions of all the Defendants aforementioned, individually and jointly, combined and concurred to bring about the injuries and damages complained of herein.

ELECTRONICALLY FILED - 2020 Apr 23 2:30 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4200029

## FOR A FOURTH CAUSE OF ACTION
**(Negligence, Gross Negligence, Recklessness as to Defendant Underwood)**

41.     The allegations contained in the preceding paragraphs are incorporated herein by reference as if repeated verbatim.

42.     Defendant Underwood owed a duty to Plaintiff, as a passenger, to operate her motor vehicle in a safe and cautious manner.

43.     Defendant Underwood breached said duty to Plaintiff and was, at the time and place above-mentioned, negligent, grossly negligent, and/or careless in one or more of the following particulars:

a.  In operating a motor vehicle, a dangerous instrumentality, or allowing a motor vehicle to be operated by one who was incapable of safely doing so;

b.  In failing to keep the automobile under proper control;

c.  In failing to keep a proper look-out;

d.  In failing to apply or timely apply the brakes;

e.  In operating the motor vehicle without regard for emergency vehicles traveling upon the highways;

f.  In failing to properly observe the road and traffic condition;

g.  In failing to take any evasive action, by any means, to keep from striking the vehicle driven by Defendant Gossett; and,

h.  In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing, all of which was the direct and proximate cause of the damages and injuries suffered by the Plaintiff herein, said acts being in violation of the statutory and common laws of the State of South Carolina.

ELECTRONICALLY FILED - 2020 Apr 23 2:30 PM - SPARTANBURG - COMMON PLEAS - CASE#2020CP4200029

44.     That by reason of the actions of Defendant Underwood, singly and in combination with the actions and/or inactions of the other Defendants, as set forth above, Plaintiff, is informed and believes that he is entitled to an award of actual damages together with consequential damages in an appropriate amount, and for the costs of this action.

**WHEREFORE**, Plaintiff prays for judgment against Defendants jointly and severely for actual and punitive damages to be determined appropriate by the Court at the trial of this case, for the costs of this action, and for such other and further relief as this jury deems just and proper.

**JURY TRIAL DEMANDED.**

**RESPECTFULLY SUBMITTED,**

**s/Alexander P. Lewis\_\_\_**
Alexander P. Lewis (S.C. Bar # 78991)
W. Blake Cummings (S.C. Bar # 80067)
CUMMINGS & LEWIS, LLC
Post Office Box 5766
Spartanburg, SC 29304
Telephone No. (864) 573-9688
Telefax No.    (864) 573-6974
alex.lewis@cummingslewis.com
blake.cummings@cummingslewis.com
ATTORNEYS FOR PLAINTIFF

April 17, 2020
Spartanburg, South Carolina